**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NATALIA BALTAZAR,

    Plaintiff,

    v.                            No. 26cv1636 GBW/SCY

CELEBRATE DENTAL AND BRACES,
PRISCILLA TARIN, and DAVID CLAYDEN.

        Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED INFORMA PAUPERIS AND ORDER TO PROVIDE SERVICE ADDRESSES FOR DEFENDANTS

On May 20, 2026, Plaintiff filed a complaint for employment discrimination, Doc. 1, along with an "Application to Proceed in District Court with Prepaying Fees or Costs (short form)". Doc. 2. The Court ordered Plaintiff to supplement her application by June 9, 2026, because the short-form application did not provide sufficient information for the Court to determine whether Plaintiff was unable to pay the required fees. Doc. 5. On June 9, 2026, Plaintiff filed an "Amended Motion for Leave to Proceed in forma pauperis Long Form" ("Amended Motion"). Docs. 6. The following day, Plaintiff filed an errata advising the Court that the June 9 filing was not the intended version. Doc. 7. Plaintiff then filed the purported final version of the motion on June 10, 2026. Doc. 8. Because Plaintiff demonstrates that she is unable to pay the required filing fee, the Court grants her Amended Motion and orders Plaintiff to provide it with Defendants' service addresses so that the Court may affect service on her behalf.

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement, prosecution, or defense of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets

1

the person possesses and that the person is unable to pay such fees. "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* (citing *Lister*, 408 F.3d at 1312). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir. 1988)). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

Upon review of Plaintiff's long-form application (Doc. 8), the Court grants her request to proceed *in forma pauperis*. Plaintiff is no longer receiving monthly income of $2,314.00 from her former employer, X Ray Associates of NM, which ended on April 23, 2026. Plaintiff is currently unemployed, has three cents in her bank account, and reports monthly expenses totaling approximately $1,440.00. Although Plaintiff owns a 2019 Chevrolet Camaro, the vehicle does not demonstrate an ability to pay the filing fee. Plaintiff represents that the vehicle

2

was purchased for approximately $30,000.00 and remains subject to significant ongoing

obligations, including a monthly loan payment of $553.00 and monthly insurance premiums of

$337.00. Thus, Plaintiff's sole asset is encumbered by substantial debt and continuing

expenses. Based on the information provided, Plaintiff has demonstrated an inability to pay the

required filing fee.

Because the Court grants Plaintiff's request to proceed IFP, it shall issue and serve all

process. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process,

and perform all duties in [IFP] cases."). Federal Rule of Civil Procedure 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United
> States marshal or deputy marshal or by a person specially appointed by the court.
> The court must so order if the plaintiff is authorized to proceed in forma pauperis
> under 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(3). The Court, however, cannot order service on the Defendants because it

needs Defendants' addresses for service. The Court therefore orders Plaintiff to provide service

addresses for Defendants (1) Celebrate Dental and Braces, (2) Priscilla Tarin, and (3) David

Clayden. *See Fields v. Kla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the

Plaintiff's responsibility to provide the [U.S.] Marshal with the address of the person to be

served[.]"). Failure to timely provide the addresses may result in dismissal of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Leave to

Proceed in forma pauperis Long Form (Doc. 8) is GRANTED.[1]

**IT IS FURTHER ORDERED** that Plaintiff provide service addresses for Defendants,

Celebrate Dental and Braces, Priscilla Tarin, and David Clayden, and file a copy of same with

---

[1] Plaintiff's short form motion (Doc. 2) and incorrect long form motion (Doc. 6) are denied as moot.

this Court by **July 1, 2026**, so that the Court may direct the U.S. Marshal to effect service on

Plaintiff's behalf.

**HONORABLE STEVEN C. YARBROUGH**
**United States Magistrate Judge**